## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **MICHAEL ALLEN STEWART** } | |
| **and SHELLIE MARIE** } | |
| **STEWART,** } | |
| } | |
| **Plaintiffs,** } | **Case No. 4:19-CV-01144-CLM** |
| } | |
| **v.** } | |
| } | |
| **STATE AUTOMOBILE** } | |
| **MUTUAL INSURANCE** } | |
| **COMPANY, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

Plaintiffs Michael Allen Stewart and Shellie Marie Stewart (the "Stewarts")

brought this action against State Automobile Mutual Insurance Company d/b/a State

Auto Insurance Companies ("State Auto"), Meridian Security Insurance Company

("Meridian"), and various fictitious defendants in St. Clair County Circuit Court,

alleging claims of breach of contract and bad faith. Meridian removed this suit to

this Court on July 19, 2019. Doc. 1. Before this Court is the Stewarts' Motion to

Remand. Doc. 12. For the reasons stated, the motion is due to be granted.

### I.    Background

This case arises from the denial of the Stewarts' claim for benefits under their

homeowner's insurance policy. As alleged in their Amended Complaint (doc. 1-2),

State Auto and/or Meridian issued the Stewarts a homeowner's policy sometime after the Stewarts purchased their home in 2015. The Stewarts allegedly suffered water damage to their home in 2018. On December 18, 2018, State Auto advised the Stewarts that State Auto would only pay $10,000 toward the damage to the Stewarts' house, due to an endorsement attached to the homeowner's policy.

On April 12, 2019, the Stewarts filed suit against State Auto and various fictitious defendants in St. Clair County Circuit Court. Doc. 1-1 at 3. On June 6, 2019, the Stewarts filed an Amended Complaint against State Auto, Meridian, and various fictitious defendants in St. Clair County Circuit Court, asserting state law breach of contract and bad faith claims. Doc. 1-2 at 55. The Stewarts' Amended Complaint sought damages in the amount of $43,138.78, plus additional compensatory and punitive damages, not to exceed $74,500.00 total. *Id.* at 60, 61.

On May 23, 2019, Meridian served the Stewarts with the following Requests for Admission:

1. Admit you will not seek a combined total of more than $74,500 at any time during the pendency of this lawsuit as stated in your Complaint.

2. Admit that you will not accept a combined total of more than $74,500 for damages and costs in this matter, as stated in your Complaint.

3. Admit you will not claim you are entitled to more than a combined total of $74,500 at any point during the pendency of this lawsuit.

4. Admit that the amount in controversy in your lawsuit is no more than $74,500.

5. Admit that you will not claim the amount in controversy in this lawsuit exceed $74,500 at any point during the pendency of this lawsuit.

The Stewarts denied requests for admission Nos. 1, 2, 3, and 5. Regarding request No. 4, the Stewarts responded, "Admitted at this time."

On July 19, 2019, Meridian removed this case from state court on the basis of 28 U.S.C. § 1332 (diversity jurisdiction).[1] Doc. 1. On August 2, 2019, Meridian filed an Amended Notice of Removal. Doc. 6. On August 19, 2019, the Stewarts filed their Motion to Remand to State Court. Doc. 12. The Stewarts argue that this action is not properly removable pursuant to 28 U.S.C. § 1332(a) for three reasons: (1) the value of their claims does not meet or exceed the jurisdictional requirement of $75,000; (2) Meridian failed to timely file its notice of removal; and (3) Meridian failed to timely file State Auto's consent to removal. The issues raised in this motion have been fully briefed. The Court finds that this case is due to be remanded for the reasons set forth below.

---

[1] "The citizenship of defendants sued under fictitious names [is] disregarded" for purposes of "determining whether a civil action is removable on the basis of [diversity jurisdiction]." 28 U.S.C. § 1441(b)(1).

## II.    Standard

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).   For removal to be proper, the federal court must have subject matter jurisdiction over the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 286, 392 (1987).   Any doubts regarding removal should be resolved in favor of remand.   *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

## III.    Analysis

Meridian removed this case from state court on the basis of diversity jurisdiction. Two factors must be met for this Court to exercise diversity jurisdiction. The first is complete diversity of citizenship of the parties, *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998), which the parties do not dispute.

The second requirement is that the amount in controversy must meet or exceed the value of $75,000.   Where a defendant's notice of removal makes a good-faith claim for a specific amount in controversy, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).   However, when a defendant's

amount in controversy is contested by the plaintiff, then "both [plaintiff and defendant] submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 554. The removing party—*i.e.* Meridian—bears the burden of proof to establish that the requirement for the amount in controversy is met. *Dudley v. Eli Lilly and Co.,* 778 F.3d 909, 913 (11th Cir. 2014). Meridian fails to meet its burden here.

Pointing to the Amended Complaint cannot help Meridian satisfy its burden because the Amended Complaint clearly states that the Stewarts are seeking less than $75,000 in damages. Specifically, the Stewarts pleaded that they seek damages for breach of contract in an amount of "$43,138.78, plus such additional compensatory and punitive damages as the jury shall assess, plus costs, not to exceed $74,500.00." Doc 1-2 at 60. The Stewarts also assert a bad faith claim in their Amended Complaint and again note that they are not seeking in damages in excess of $74,500. *Id.* at 61.

To get around the plain language of the complaint, Meridian relies on "other paper," which may include "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Meridian argues that the Stewarts' responses to its requests for admission constitute "other paper" that render this case removable. Meridian argues that when the Stewarts denied multiple requests for admission, their

claims for damages became an unspecified claim for damages. If this were true, Meridian's burden of proof would be much lower. Doc. 1 at 6, citing *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.,* 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). But relying on the Stewarts' responses fails to satisfy Meridian's burden for two reasons.

First, a denial, by itself, is not sufficient proof. In Response Nos. 1, 2, 3, and 5, the Stewarts both objected to and denied the corresponding requests for admission. Specifically, the Stewarts objected on the basis that said requests are outside the scope of Rule 36 and require the Stewarts to speculate on the future course of discovery. *See* Doc. 1-4 at 1-4. A denial of a request for admission does not establish "the opposite of the proposition offered for admission, but rather [] simply establish[es] that the matter is in dispute." *Harmon v. Wal-Mart Stores, Inc.*, No. 08-309, 2009 WL 707403 at *4 (M.D. Ala. Mar. 16, 2009); *see also Ford v. Leroy,* 2009 WL 10703678 (N.D. Ala. 2009). "Refusal to concede is not a statement of fact and cannot support jurisdiction." *Harmon* at *11-12.

Second—and more clearly—the Stewarts admitted in response to request No. 4 that the amount in controversy is not in excess of $74,500 at this time (and at the time of removal). This admission is a fatal blow to Meridian's argument that the Stewarts' discovery responses establish that their claim is worth more than $75,000.

In an attempt to bolster its argument and provide additional "evidence" that the amount in controversy has been met, Meridian cites to four Alabama insurance cases. Meridian argues that the damages awards in the Alabama state court cases suggest that amount in controversy requirement is met here, because cases involving bad faith claims, such as this case, often result in damages of at least $75,000. *See* Doc. 1 at 7-8, citing *Brechbill v. State Farm Fire & Cas. Co.,* 2011 WL 7781368 (Ala. Cir. Ct. 2011); *Slade v. State Farm Fire & Cas. Co.*, 1997 WK 95627 (Ala. Cir. Ct. 1997); *Ogden, Pro ami v. Auto-Owners Ins. Co.*, 1993 WL767333 (Ala. Cir. Ct. 1993); and *Hilley v. All-State Ins.*, 1991 WL517295 (Ala. Cir. Ct. 1991). Doc. 1 at 7-8. This argument, too, is unpersuasive. A comparison of past awards rendered in cases involving bad faith claims over a nearly thirty-year period is insufficient to establish an amount in controversy, especially when said cases contain distinguishable facts. "Mere citation to what has happened in the past" does not establish that a plaintiff's claim meets the amount in controversy requirement. *See Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003).

The Court may make "reasonable inferences and deductions" to determine if the jurisdictional amount has been met. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315. However, in this case, there is insufficient evidence for the Court to conclude that this threshold has been reached. Meridian's argument that the

amount in controversy requirement is met simply because this case involved bad faith allegations is insufficient evidence to exercise jurisdiction. The additional evidence that the Stewarts refused to speculate on the course of discovery in their responses to requests for admission does not alter this conclusion.

The Stewarts also argue that this case is due to be remanded because the filing of Meridian's notice of removal and State Auto's consent to removal was untimely. But this Court need not examine issues of timeliness because Meridian has not proven the required amount in controversy by a preponderance of the evidence, thereby failing to invoke the Court's jurisdiction.

## Conclusion

For these reasons, this Court finds the Stewarts' motion is due to be granted. This matter will be remanded to the Circuit Court of St. Clair County, Alabama. A separate order consistent with this Opinion is issued herewith.

**DONE** this 6th day of January, 2020.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE